J-M06003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DUANE YANCEY | : | |
| | : | |
| Petitioner | : | No. 34 MDM 2024 |

Appeal from the Order Entered September 20, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004761-2023

BEFORE: SULLIVAN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.: **FILED JANUARY 13, 2025**

Duane Yancey ("Yancey") has filed in this Court a "Petition for Specialized Review Pursuant to Pa.R.A.P. 1610 and 1762(b)"[1] ("Petition for Specialized Review"), seeking review of the order denying his motion for nominal bail under Pa.R.Crim.P. 600(B). We affirm.

We glean the following, undisputed procedural history from Yancey's motion for nominal bail, the notes of testimony of the Rule 600 hearing, and the trial court's opinion. The Commonwealth alleged that Yancey committed robberies at automatic teller machines and convenience stores with a gun. On

---

[1] **See** Pa.R.A.P. 1610 (providing that a party may seek review of a trial court order, which grants or denies release, by filing a petition for specialized review in the appellate court), 1762(b)(1) (providing that "[a]pplications relating to bail when no appeal is pending shall first be presented to the trial court"); **see also Commonwealth v. Miller**, 319 A.3d 575, 580 (Pa. Super. 2024) (applying **Int. of N.E.M.**, 311 A.3d 1088 (Pa. 2024), and holding that Superior Court is required to review, and does not have discretion to not review, petitions for specialized review of bail filed under Pa.R.A.P. 1610).

November 2, 2023, the Commonwealth charged Yancey with one count of aggravated assault, five counts each of robbery and conspiracy to commit robbery, and twelve counts of firearms offenses. Yancey has been incarcerated since then, although in January 2024, the trial court set bail at $300,000.

On December 21, 2023, Yancey served a request for discovery ("Initial Discovery") on the Commonwealth. On February 14, 2024, the Commonwealth provided the requested discovery.

The following day, February 15, 2024, Yancey served the Commonwealth with a supplemental discovery ("Supplemental Discovery") request, for surveillance video and body-camera video, which "were referenced" in the Initial Discovery.[2] N.T., 7/25/24, at 6, 10. The Commonwealth forwarded this discovery request to the Swatara Township Police, which began to gather the requested materials. However, as the Commonwealth explained, "IT and the state's requirements" presented challenges concerning the download of "a sizable amount of discovery" and storage of it on "a county device" that could be provided "digitally to the defense."[3] *Id*. at 7.

---

[2] Yancey explained the Initial Discovery did not include body-camera video, "despite the fact that . . . the affidavit of probable cause referenced it." N.T., 7/25/24, at 10.

[3] The Commonwealth did not explain what the "IT and the state's requirements" were, aside from stating they were "imposed on [it] by the county." N.T., 7/25/24, at 7.

This case was listed for a "Miscellaneous Court" hearing on February 27, 2024.  However, on that date, Yancey requested a continuance because the Supplemental Discovery request remained outstanding.  The trial court continued the hearing to April 2, 2024.  We note this continuance, of thirty-five days, is one of the two time periods presently at issue.

Meanwhile, on February 29, 2024, the Commonwealth received notice "that everything had been transferred . . . to the Dauphin County cloud server." N.T., 7/25/24, at 8.  However, the Commonwealth then encountered additional "IT issues" in attempting to download the evidence and reviewing whether "redactions . . . needed to be made." *Id*.  The Commonwealth provided a status update to Yancey, who nevertheless filed a motion to compel discovery on March 26, 2024.

On April 1, 2024, the day before the rescheduled April 2, 2024 "Miscellaneous Court" hearing, the Commonwealth provided the completed Supplemental Discovery to Yancey.  On April 2, Yancey requested a continuance in order to review the discovery,[4] and the trial court granted a continuance to May 28, 2024.  This second continuance, of fifty-six days, is the second period at issue.  We also note that on April 25, 2024, Yancey filed an omnibus pretrial motion, which remains pending.

On July 19, 2024, Yancey filed the underlying motion for nominal bail, arguing his pre-trial incarceration had exceeded 180 days in violation of

---

[4] On April 2, 2024, Yancey also withdrew his motion to compel discovery.

Pa.R.Crim.P. 600(B). **See** Pa.R.Crim.P. 600(B) (providing that no defendant shall be held in pretrial incarceration for more than 180 days from the filing of the complaint).

The trial court heard argument on July 25, 2024. Yancey claimed the court should include the following periods in its Rule 600(B) calculations: (1) February 29 to April 2, 2024, when he requested a continuance due to the outstanding Supplemental Discovery request; and (2) April 2 to May 28, 2024, when he requested a continuance to review the Supplemental Discovery. Yancey confirmed that he was not invoking Rule 600(**A**), which concerns the right to a speedy trial, nor alleging a lack of due diligence by the Commonwealth. **See** N.T., 7/25, 24, at 9-11. The Commonwealth responded that technological issues and "IT and the state's requirements" impeded its procurement of the Initial Discovery and Supplemental Discovery. **See id**. at 7-8. Additionally, the Commonwealth argued that because it was Yancey who requested continuances, he caused the resulting delays and the trial court should exclude that time from the Rule 600(B) calculation. **See id**. at 9, 11. Yancey denied that the continuances were due to any action on his part. **See id**. at 5.

Subsequently, on September 29, 2024, the trial court issued an order and opinion, denying Yancey's motion for nominal bail. First, the court noted: (1) Rule 600(**A**) requires review of whether the Commonwealth caused a delay due to a lack of due diligence; while (2) Rule 600(**B**) provides that "only

periods of delay caused by the defendant shall be excluded from the computation of . . . time of any pretrial incarceration. Any other periods of delay shall be included in the computation." Memorandum Opinion and Order ("Opinion"), 9/20/24, at 5.

Next, the trial court framed the issue before it as "whether delays attributable to the Commonwealth caused [Yancey's] pretrial incarceration to exceed 180 days in violation of Rule 600(B)." Opinion, 9/20/24, at 5. The court: (1) accepted the Commonwealth's statements regarding the technological difficulties; (2) "declin[ed] to apply the discovery delays against the Commonwealth;" and (3) thus found it was "constrained to conclude that [Yancey] caused the delays." *Id*. at 6. We note that elsewhere in the opinion, the trial court also stated: "No violation of [Rule] 600(B) occurred where periods of time during which the ***Commonwealth exercised due diligence*** in its efforts to respond to [Yancey's] discovery requests are properly attributed to the defense." *Id*. at 4 (emphasis added).

Yancey filed a motion for reconsideration which the trial court denied. On October 18, 2024, Yancey then filed, in this Court, the instant petition for specialized review of the trial court's ruling. He presents one issue for our review: "Did the trial court err in its application of the law in denying [Yancey's] request for nominal bail pursuant to Pa.R.Crim.P. 600(B)?" Petition for Specialized Review, 10/18/24, at 8. The Commonwealth has filed a response.

Yancey avers the trial court misinterpreted Rule 600(B) to include consideration of whether the Commonwealth acted with due diligence. We consider the applicable standards of review: "In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration." **Commonwealth v. Carl**, 276 A.3d 743, 748 (Pa. Super. 2022) (citation omitted).

Rule 600(A) addresses a defendant's right to a speedy trial and requires, *inter alia*, that trial "shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a).

Rule 600(B), on the other hand, limits the duration of pretrial incarceration: "[N]o defendant shall be held in pretrial incarceration in excess of . . . 180 days from the date on which the complaint is filed[.]" Pa.R.Crim.P.(B)(1).

Rule 600(C) provides distinct guidelines on calculating time under each subsection:

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

- 6 -

(2) For purposes of paragraph (B), only periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration.  Any other periods of delay shall be included in the computation.

Pa.R.Crim.P. 600(C)(1)-(2).

This Court has stated:

Issues of statutory construction involving the Pennsylvania Rules of Criminal Procedure present a pure question of law and, thus, our standard of review is *de novo* and our scope of review is plenary.

[W]e apply the Statutory Construction Act, 1 Pa.C.S.[A.] §§ 1501-1991, when interpreting the Rules of Criminal Procedure.  . . .

[T]he principal objective of statutory interpretation and construction is to ascertain and effectuate the intention of the rule-making body.  1 Pa.C.S.[A.] § 1921(a).  The plain language of a statute or rule is the best indication of this intent.  The basic tenet of statutory construction requires a court to construe words of the statute according to their plain meaning.  "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."  1 Pa.C.S.[A.] § 1921(b).  Furthermore, the Statutory Construction Act requires penal provisions of statutes to be strictly construed, 1 Pa.C.S.[A.] § 1928(b)(1); thus, where an ambiguity is found in the language of a penal statute, such language should be interpreted in the light most favorable to the accused. Finally, courts must give effect to every provision of the statute, as the legislature is presumed not to intend any statutory language to exist as mere surplusage.

*Carl*, 276 A.3d at 749-50 (some citations omitted).

In the petition for specialized review, Yancey challenges the trial court's references to the Commonwealth's due diligence.  He maintains that under

Rule 600(C)(1), the court shall consider, for purposes of Rule 600(**A**) only, whether any periods of delay were caused by the Commonwealth's lack of due diligence. Yancey points out, however, that Rule 600(C)(2), addressing Rule 600(B), contains no such language concerning the Commonwealth's due diligence. Instead, Yancey contends, under Rule 600(B), "only delays caused by [the] defendant are excluded from the computation of the . . . time of any pretrial incarceration." Petition for Specialized Review, 10/18/24, at 12. Yancey thus avers the trial court erred in misinterpreting Rule 600(B), by "insert[ing] words into [the rule] that are plainly not there" — namely, consideration of the Commonwealth's due diligence. *Id*. at 9-10. We note Yancey presents no argument as to whether his two discovery-based continuance requests caused a defense "delay" under Rule 600(B). **See** Pa.R.Crim.P. 600(C)(2).

After review of the record, we agree that parts of the trial court's opinion improperly referred to whether the Commonwealth acted with due diligence. **See Carl**, 276 A.3d at 749. The opinion stated, in pertinent part: "No violation of Pa.R.Crim P. 600(B) occurred where periods of time during which **the Commonwealth exercised due diligence** in its efforts to respond to [Yancey's] discovery requests are properly attributed to the defense." Opinion, 9/20/24, at 4 (emphasis added). The plain language of Rule 600(C)(2), which governs the computation of time under Rule 600(B), refers to only two periods of time: (1) "periods of delay caused by the defendant;"

and (2) "[a]ny other periods of delay." Pa.R.Crim.P. 600(B), (C)(2). Unlike subsection (C)(1), which applies to subsection (A), subsection (C)(2) does not make any mention of the Commonwealth's due diligence. ***See*** Pa.R.Crim.P. 600(A), (C)(1)-(2); ***see also Commonwealth v. Richardson***, 270 A.3d 1161 (Pa. Super. 2021) (unpublished memorandum at \*11) (comparing Rule 600(C)(1) and (2) and stating that a trial court's considerations of violations of Rule 600(A) and (B) are "distinct").[5] Thus, to the extent the trial court found the Commonwealth's due diligence was relevant under Rule 600(B), such legal reasoning was in error. ***See Carl***, 276 A.3d at 749.

Nevertheless, our inquiry does not end, as the trial court's opinion included additional reasoning, without reference to whether the Commonwealth acted with due diligence. As Yancey acknowledges, the trial court "recognize[d] that the applicable section to" this matter Rule 600(C)(2). Petition for Specialized Review, 10/18/24, at 10. The court's opinion quoted the entirety of Rule 600(C), but emphasized in italics only subsection (C)(2), including the passage, "[O]nly periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration." Opinion, 9/20/24, at 4.

As stated above, the trial court framed the issue in this matter as "whether delays attributable to the Commonwealth caused [Yancey's] pretrial

---

[5] ***See*** Pa.R.A.P. 126(b)(1)-(2) (providing that a non-precedential memorandum decision of the Superior Court, filed after May 1, 2019, may be cited for its persuasive value).

incarceration to exceed 180 days in violation of Rule 600(B)." Opinion, 9/20/24, at 5. The court resolved this question by first "declin[ing] to attribute [the] delays to the Commonwealth," based on the technological "challenges of responding to discovery in . . . electronic form, and the complexities of reviewing, storing, converting, and producing such information to the defense." *Id*. at 6. The court then reasoned:

> In declining to apply the discovery delays against the Commonwealth, we are constrained to conclude that [Yancey] caused the delays.
>
> We note that the defense has not argued that the Commonwealth delayed production of exculpatory evidence or that lack of discovery impeded his ability to file an omnibus pre-trial motion. We also consider that the defense may have had the opportunity to independently obtain evidence such as surveillance footage by was way of subpoena.

*Id*. (unnecessary capitalization and footnote omitted, and paragraph break added).

A careful review of Yancey's petition for specialized review, however, reveals that he does not address, let alone dispute, any of this reasoning, which also formed the basis for the trial court's ruling. Instead, Yancey presents only the above statutory interpretation claim. In the absence of *any* discussion of the trial court's additional reasoning, we decline to review the merits of the trial court's reasoning, and conclude that Yancey has not

established grounds for relief.[6] ***See Commonwealth v. Borzelleca***, 932 A.2d 232, 237 (Pa. Super. 2007) (stating that "comments by the court on [an] issue not raised or argued by either party are *dicta*"), ***rev'd on other grounds by Commonwealth v. Fithian***, 961 A.2d 66 (Pa. 2007).

For the foregoing reasons, we affirm the denial of Yancey's motion for nominal bail.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/13/2025

---

[6] We note the Commonwealth argues that for Rule 600(B) purposes, a defendant's request for supplemental discovery causes a "delay," which should be attributed against the defendant. Commonwealth's Response, 10/28/24, at 9-11.

Meanwhile, the trial court aptly observed: "Neither [Rule 600], its comments, nor appellate case law[] provide significant guidance as to which party the trial court shall properly attribute delays under Rule 600(B)," and instead, Rule 600 caselaw "relates largely to Rule 600(A)." Opinion, 9/20/24, at 5. The trial court also expressed that appellate guidance on Rule 600(B), "especially with the [current] technological issues that are involved with . . . discovery," would be beneficial. N.T., 7/25/24, at 12.

Nevertheless, as discussed above, Yancey presents no argument on the merits of the trial court's additional reasoning, and thus that issue is not before this panel.